PRICE, Judge
(dissenting):
The majority opinion has completely disregarded the plain and unambiguous language of subparagraph (c) of Section 7 of Act 215 of 1968, in concluding that the submission of multiple plans and projects for separate regions of the city for approval or rejection as a single proposition is permissible under the statute. The pertinent language referred to in this section is as follows:
“Section 7. Preparation and Adoption of Redevelopment Plan.
(c) Community Approval of Redevelopment Plans and Projects. Bach redevelopment plan or project proposed or caused to be proposed by the agency in compliance with this act shall be approved by the qualified electorate . .” (emphasis supplied)
Had the legislature intended to allow the submission of multiple plans to the electorate for their approval without allowing each plan to be voted on separately by the people, then this paragraph would have 'commenced with the word “the” rather than the word “each”.
Section 17 of the Act, entitled “Definitions”, defines the use of the terms “Redevelopment area” and “Redevelopment plan” in the statute as follows:
“(k) ‘Redevelopment area’ means a slum area or a blighted area or a combination thereof which the local governing body designates as appropriate for a redevelopment project.”
“(i) ‘Redevelopment plan’ means a plan, as it exists from time to time for a redevelopment project, which plan (1) shall conform to the general plan for the municipality as a whole except as provided in subsection 7(e), and (2) shall be sufficiently complete to indicate such land acquisition, demolition and removal of structures, redevelopment, improvements, and rehabilitation as may be proposed to be carried out in the redevelopment area, zoning and planning changes, if any, land uses, maximum densities, and building requirements.”
It is obvious from reading the entire Act the legislature intended for the Redevelopment agency to formulate a master plan for its entire area of operation (City of Monroe) and to determine the areas within the city which are in need of redevelopment because of their slum or blighted characteristics. Thereafter, the plan of *593 projects proposed by the agency to redevelop each area must be approved by the electorate.
The Redevelopment Agency has not declared the entire City of Monroe a slum or blighted area. It has, in accord with the spirit of the act, determined several separate and distinct regions of the city in need of slum clearance and redevelopment. There are multiple projects contemplated to effect the plans formulated for each region to be redeveloped. To comply with Section 7(c) of the act these plans, should have been submitted separately to the electorate for approval or rejection.
Therefore, the election held contrary to the provisions of Section 7(c) is null and void and the expropriation proceedings at issue herein are illegal.
I must therefore dissent from the majority opinion.